## Case No. 15,708.

### UNITED STATES v. MAGUIRE.

[3 Cent. Law J. 273; [1] 22 Int. Rev. Rec. 146.]

Circuit Court, E. D. Missouri. April 8, 1876.

#### INTERNAL REVENUE—COLLECTOR—INDICTMENT FOR CONCEALING FRAUDS—CUMULATIVE JUDGMENTS.

The defendant pleaded guilty to five counts of an indictment charging him, respectively, with having knowledge and information of frauds upon the revenue, committed at different times by five different distillers. Held, that the defendant should be sentenced as for one offence; but the general question as to the power to render cumulative judgments was left open for further consideration.

[Distinguished in Ex parte Peters, Case No. 11,027.]

W. H. Hatch and A. J. P. Garesche, appeared for defendant, but under instructions from their client, did not argue the question of cumulative punishments.

Lucien Eaton, for the district attorney, contra, limited his argument to the reading of a section from Wharton's Criminal Law.

Before DILLON, Circuit Judge, and TREAT, District Judge.

DILLON, Circuit Judge (orally). In this case an indictment was found under section 3169 of the Revised Statutes, he being, at the time of the transactions set forth in the indictment, the collector of internal revenue for this collection district. Section 3169 provides that every officer or agent appointed and acting under the authority of any revenue laws of the United States,

(1) Who is guilty of any extortion. . . .

(9) (The section under which this indictment was framed.) Who having knowledge or information of the violation of any revenue law by any person, or of fraud by any person, against the United States, under any revenue law, fails to report in writing such knowledge or information to his next superior officer, and to the commissioner of internal revenue, . . . shall be dismissed from office, and shall be held to be guilty of a misdemeanor,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

[1] [Reprinted from 3 Cent. Law J. 273, by permission.]

and shall be fined not less than $1,000, nor more than $5,000, and be imprisoned not less than six months nor more than three years.

In this indictment, as originally framed, there was a count for a conspiracy, but that was nolled, leaving five counts in the indictment under the ninth subdivision, for having knowledge or information of the violation of any revenue law by any person, or of fraud by any person against the United States, and failing to report in writing such knowledge or information to his next superior officer, and to the commissioner of internal revenue. The counts are alike in their general nature in charging the defendant with having knowledge and failing to report. The first charge that he had knowledge and information of frauds being committed by Bevis and Fraser, who were then distillers in this city, and that he failed to report those charges. The second charges that he had like knowledge of frauds being committed by Ulrici, a distiller here, and that he failed to report. The third, the same as to Jouett, the fourth, the same as to Busby, the fifth, the same as to Bingham, these men, Jouett, Busby, and Bingham, being distillers.

The defendant has entered a plea of guilty, and the question is whether there stand on the record five separate, independent, distinct offences, requiring five separate, distinct, independent cumulative judgments, or whether there is but one offence; or, if more than one, whether more than one judgment can be rendered. And that is a very important question, and we had desired that question to be fully argued at the bar. We have failed to get any considerable light by reason of the fact that Col. Maguire seems to have instructed his counsel that he did not care to have it argued, and that he wished to leave it to the court; and Col. Dyer, for the government, lacked the stimulus of an actual contestant here, and failed to give us but a very brief argument on the point, and referred us simply to Wharton's Criminal Law. There is one provision of the statute which has a material bearing on this question, or may be supposed to have. I will read it:

"Section 1024. When there are several charges against any person for the same act or transaction connected together, or for two or more acts or transactions of the same class of crimes or offences which may be properly joined, instead of having several indictments, the whole may be joined in one indictment, in separate counts: and if two or more indictments are found in such cases, the court may order them to be consolidated."

Now, aside from that statute, and aside from some legislation on the subject, it would seem to be very clear that, under the provisions of the common law as respects pleading, it would not be competent to unite several distinct offences in one and the same indictment, and have separate and distinct judgments rendered upon each count in those indictments, the same as if they were separate offences; and, according to the principles of the common law, this cannot be done. Originally at common law, it was prohibited from using more than one count setting out a single or solitary offence, but to avoid questions of variance, it came to be the custom afterwards to set forth the same offence in different counts. Although language was used which, taking it literally, would import that each count was for a separate offence, it was for the same offence, stated in different terms to meet the proof. The question has been somewhat complicated by late legislation in England, and in some states in this country. We have no federal statute except section 1024, which I have just read which bears upon the subject. That being so, the question is whether on a general verdict of guilty, or a plea of guilty—whether, as I said, an indictment having these five distinct offences, calls for the rendering of five distinct judgments, or are we limited to pronouncing upon this record one judgment?

In the absence of any extended argument upon this point, and as we have been precluded by the pressure of other business from examining it originally, we concluded that it was our duty to rest it. for the present, upon a precedent that has been called to our attention in the federal courts. This whole question was brought very prominently before the country in the case of Wm. M. Tweed against Joseph L. Lipscomb, and decided by the court of appeals of New York. That case was an indictment for 275 misdemeanor counts, for separate misdemeanors in one indictment, and the court in which the trial was had treated these as separate and distinct offences and rendered a cumulative punishment. We had a similar case in the Western district of Missouri, where there were fifty counts against a man under the statute. So it becomes a very important question to determine whether each count is a separate offence and must receive at least the minimum of punishment prescribed by law. The question arising on that judgment was carried to the court of appeals in the state of New York. It was argued by lawyers of great ability and great eminence. At the bar, by Mr. Charles O'Connor, in support of that judgment; and the unanimous opinion of the court of appeals, which I have before me, is that that proceeding could not be sustained. All the authorities, English and American, all the learning on the subject that could be collected, were embodied in it. The court is one of very great respectability, and on the bench there are judges of eminence and learning. We have not had time to investigate, originally, to see whether we could come to the same conclusion. But among other cases cited in that opinion, is one which, in a federal court. is entitled to be respected, because it is an authoritative exposition of the statutes which are here involved by a federal court of high authority. "Congress"—I refer to the case which was decided by Mr. Justice Nel-

son, on the bench of the circuit court, with Judge Hall, of the Northern district of New York—"has thought it necessary," says Judge Allen, referring to that judgment, "to provide by statute for the joinder of several charges against the same person for the same act or transaction, or for two or more acts or transactions of the same class of crimes or offences in one indictment in several counts, but no provision is made for several judgments on one record. We have," says Allen, J., "an authoritative exposition of the subject from Judge Nelson, late associate justice of the supreme court of the United States, a judge of long authority and experience in the courts of New York and the United States. Upon the conviction of one Albro, in the circuit court of the United States for the Northern district of New York, for several distinct offences, united in a single indictment, under the act of congress referred to, the court was moved in behalf of the government for separate sentences and distinct punishments for the several offences of which the prisoner had been convicted." [Case unreported.] This is the same motion we have before us. "The court held the application under advisement until the succeeding term, denied the application, and gave a single judgment, as for one offence. It was held, Judge Nelson announcing the result of the deliberation of himself and his associate, Judge Hall, that the act had not changed the common law as it existed in New York, and was demonstrated by the United States courts sitting in that state, and that the government was not entitled to a judgment upon the conviction of the prisoner of several offences under one indictment containing distinct counts, except for a single offence." That is an authoritative exposition of the common law doctrine, and the judgment of that high court is, that that principle is not changed by this legislation. We rest for the present without making any original enquiry upon our part upon that precedent; therefore, instead of five judgments, we will only render one. More than this we do not feel called upon to say at this time, except to add that we do not wish this ruling to be considered as concluding the question, and that we still regard it as open to further consideration, after we shall have had the benefit of argument and a collection of the cases upon the subject decided in the federal courts. Under the federal statutes (section 1024) it may be true that for offences which are and "may be properly joined" there may be more than one judgment, or that one judgment may exceed the maximum punishment for a single offence. But it is doubtful how far, if at all, distinct offences not part of "the same act or transactions," or part of "two or more acts or transactions connected together" can be "properly joined." In this view, it may admit of doubt upon the face of the present indictment whether these five counts were properly joined, and if not, then there should be but one judgment. On all

these questions, as well as on the right to pronounce several or cumulative judgments, in such cases or in any case, we do not feel ourselves concluded.

The defendant was then sentenced to pay a fine of $5,000 and to be imprisoned in the county jail six months.